UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM KAELBER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 2:16-cv-00029-WTL-DKL |
| RICHARD BROWN, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of William Kaelber for a writ of habeas corpus challenges a prison disciplinary proceeding, CIC 15-07-0173, in which he was found guilty of assault causing serious bodily injury. For the reasons explained in this entry, Mr. Kaelber's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On July 17, 2015, Officer M. Smith, Jr. issued a Report of Conduct charging Mr. Kaelber with assault causing serious bodily injury in violation of Code A-102. Dkt. 11-1. The Report of Conduct states:

> At 8:53 P.M. on 7-16-15, I, Officer M. Smith Jr. witnessed Offender Lasley, Steven #247353 getting struck in the back of his head and dragged into his Cell, 2-4B. Once the Cell was secured, Offender Kaelber, William #161674 4B-4B was inside of Cell 2-4B. After the Cell was secured and searched, a sock tied around a padlock was found in Cell 2-4B, underneath the bottom mattress. The laceration on the back of Offender Lasley's head is consistent with being struck by a padlock.

Dkt. 11-1.

Mr. Kaelber was notified of the charge on July 17, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 11-4. The Screening Officer noted that Mr. Kaelber did not want to call any witnesses but that he requested "video evidence of B unit 4 Range cell 2 showing 8:50-9:00 pm. showing when responding ofc's arrived they made me go into the room." *Id.* The video summary for the 2/4 B-Unit at 8:50 pm on the day in question states, "I Ofc Sidwell tried to review the video for Case CIC 15-07-0173. Due to the rotation of the camera I did not see the alleged assault." Dkt. 11-7.

The hearing officer conducted a disciplinary hearing on August 7, 2015. Dkt. 11-9. The hearing officer noted Mr. Kaelber's statement, "I was never in that room. I have never been in a fight at CIC. I do not know why this happened." *Id.* The hearing officer relied on the staff reports, the physical evidence, and the Internal Affairs ("IA") report in concluding that Mr. Kaelber had violated Code A-102. The hearing officer noted that the IA investigation established that Mr. Kaelber was in the cell. The sanctions imposed included a written reprimand, a 45-day restriction of phone privileges, 365 days of disciplinary segregation, the loss of 365 days of

earned credit time, and a demotion from credit class I to II. *Id.* The hearing officer imposed the sanctions because of the frequency and nature of the offense, as well as the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id.*

Mr. Kaelber's appeals were denied. This habeas action followed.

### III. Analysis

As noted above, this habeas petition relates to disciplinary proceeding CIC 15-07-0173. Although some of the documents attached to Mr. Kaelber's petition relate to another hearing also conducted on August 7, 2015, on a charge of "criminal gang activity," this petition does not relate to that charge. A habeas petition can only address a single disciplinary proceeding.

Mr. Kaelber alleges that his due process rights were violated during the disciplinary proceeding. His claims are summarized as: 1) there was no physical evidence to support the guilty finding; 2) he was denied the opportunity to request witness statements; and 3) he was not given 24 hours between screening and the hearing.

Mr. Kaelber first argues that there was no physical evidence showing that he committed an assault. He asserts that the video evidence does not place him at the scene. Regardless of what the video showed or did not show, the reporting officer stated that he witnessed the attack and saw the victim dragged into his cell. Once the cell was secured, Mr. Kaelber was inside the victim's cell along with three other offenders and the victim. Dkt. 11-1; dkt. 11-5. The IA investigation also identified Mr. Kaelber as one of the offenders who attacked the victim. Dkt. 13 (*ex parte*).

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than

"beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There was some evidence in the record which supported the charge. The Court cannot reweigh Mr. Kaelber's assertion that he was not in the cell against the evidence showing that he was found in the cell immediately after the attack. His claim of insufficient evidence lacks merit.

Mr. Kaelber next claims that he was not given adequate time to gather his witness statements after he was screened. He alleges that when he was screened on July 17, 2015, he asked for a statement from the sergeant working at the time of the incident and from the victim. He did not know the names of those individuals, and the screening officer told him he would give Mr. Kaelber until the next week to get the names of the witnesses. Mr. Kaelber states that he was transferred to a different prison on July 18, 2015, so he was not able to add witness names to the screening report.

The record does not support his claim. There is no mention on the Screening Report that Mr. Kaelber requested statements from any witnesses. Dkt. 11-4. In addition, Mr. Kaelber signed the report with it stating that he did not want to call any witnesses. *Id.* Mr. Kaelber did not

request that the hearing be postponed because he was trying to get witness statements. Dkt. 11-9. Mr. Kaelber provided a statement in his defense but did not mention anything about witnesses.

In addition, "the right to present evidence is qualified – prison officials may exclude evidence from an inmate's hearing to ensure institutional safety or correctional goals." *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). "[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Id.* Here, Mr. Kaelber has not identified what either of his alleged witnesses would have said. He has not asserted that the witness statements would have been material and exculpatory, and, therefore, any error would be harmless. *Piggie,* 344 F.3d at 678 (claim that petitioner was denied witnesses failed because he did not explain how the testimony would have helped him and thus there was no showing of harm). Under these circumstances, the Court finds no due process violation.

Mr. Kaelber's final claim is that he was not allowed 24 hours between screening and the hearing. The record contradicts this assertion. Mr. Kaelber signed the Screening Report and conduct report on July 17, 2015. Dkt. 11-1; dkt. 11-4. The disciplinary hearing was conducted on August 7, 2015, dkt. 11-9, which provided much more than 24 hours' notice. Mr. Kaelber states that he was not given a copy of the conduct report, Screening Report, and video summary until the day of the hearing, but he does not deny having notice of the charge and having asserted his "not guilty" response on July 17. Moreover, the video summary was inconclusive so it neither supported nor contradicted the charge. Mr. Kaelber has identified no prejudice in not having a copy of the documents until the day of the hearing. *See Jones,* 637 F.3d at 846-47 (harmless error analysis applies to disciplinary habeas cases).

To the extent that Mr. Kaelber argues that Indiana Department of Correction policy requires that he be given a copy of the reports 24 hours before the hearing, such a claim is not

viable in this federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. Kaelber was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Kaelber's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Kaelber's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**The clerk shall update the docket** to reflect that Mr. Kaelber is currently incarcerated at the Miami Correctional Facility.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  2/15/17

**NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Electronically registered counsel

William Kaelber
DOC #161674
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN  46914